# No. 24-40635

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

Jose Guadalupe Rodriguez, Jr.,
Plaintiff - Appellant
v.
Pete Buttigieg, Secretary, U.S. Department of Transportation,
Defendant – Appellee

---

**On Appeal from**

United States District Court for the Southern District of Texas
McAllen Division

Civil Action No. 7:23-CV-450

---

## BRIEF OF APPELLANT JOSE RODRIGUEZ

---

SUBMITTED BY:

Elijah "Big Dan" Vargas

THE VARGAS LAW OFFICE
324 W. University Dr.
Edinburg, Texas 78539
Tel. (956) 287-3743
efile@thevargaslawoffice.com

Counsel for Appellant

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest

in the outcome of this case. These representations are made in order that the judges

of this court may evaluate possible disqualification or recusal.

**Appellees:**

Pete Buttigieg, Secretary, U.S.
Department of Transportation

**Counsel for Appellees:**

David Guerra
U.S. Attorney's Office McAllen, TX

**Appellants:**

Jose Rodriguez

**Counsel for Appellants:**

Daniel Elijah Vargas
THE VARGAS LAW OFFICE

By: /s/Daniel Elijah Vargas

Attorney of Record for Jose Rodriguez

i

# STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully submits that oral argument is not necessary in this case. The issues presented are adequately addressed in the briefs and the record, and the legal principles governing the dispute are well-established. Appellant believes that the written submissions will fully aid the Court in resolving the issues without the need for oral argument.

However, should the Court find that oral argument would be beneficial to its deliberations, Appellant stands ready to participate and address any questions the Court may have.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS................................................................................ iii

TABLE OF AUTHORITIES .........................................................................iv

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES..............................................................2

STATEMENT OF THE CASE .................................................................3

SUMMARY OF THE ARGUMENT ......................................................7

ARGUMENT ..........................................................................................9

I.    The District Court erred in Granting Dismissal based on Timeliness under Rule 12(b)(6) Motion to Dismiss by failing to recognize the need for factual determinations and equitable tolling. ...................................................9

II.   The District Court Erred in Applying the Burden Shifting Framework to Dismiss a Claim under a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim...................................................................................................16

III.  The District Court Abused its Discretion in Denying Plaintiffs Motion for Leave to Amend Complaint.................................................................28

CONCLUSION ......................................................................................32

CERTIFICATE OF SERVICE ..............................................................35

CERTIFICATE OF COMPLIANCE.......................................................36

# TABLE OF AUTHORITIES

**Cases** ......................................................................................... **Page**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................Page 17

*Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984) ..........................Page 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................Page 17

*Berry v. Board of Sup'rs of L.S.U*, 715 F.2d 971 ..........................................Page 14

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019) ...........Page 18

*City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).........Page 28

*Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363  (D.C. Cir. 1998)

..................................................................................................Page 14

*Foman v. Davis*, 371 U.S. 178 (1962) ..........................................Page 28

*Holland v. Florida*, 560 U.S. 631 (2010)..........................................Page 13

*Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314(5th Cir. 2009) ...........Page 29

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ..............................Page 7

*Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002).......................Page 12

*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318 (5th Cir. 2002) ...............Page 25

*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) ......................................Page 16

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).......................................Page 17

*White v. U.S. Corr., L.L.C.*, 996 F.3d 302 (5th Cir. 2021). ..............................Page 9

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ..............................Page 10

iv

*Jones v. Bock*, 549 U.S. 199 (2007) ................................................................Page 10

**Statutes and Rules** ........................................................................................ **Page**

28 U.S.C. § 1291 ................................................................................Page 1

29 C.F.R. §1614.105(a)(1) ........................................................Page 5,9,10

Title VII of the Civil Rights Act of 1964...........................................Page 2

Federal Rule of Civil Procedure 8 ..................................................Page 8,18

Federal Rule of Civil Procedure 15 ................. ...................................Page 8

Federal Rule of Civil Procedure 12(b)(6) ....................................Page 1,3,9

Federal Rule of Civil Procedure 56 ..................................................Page 5

Federal Rules of Appellate Procedure 4(a)(1)(B)..............................Page 1

# JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291, which grants jurisdiction to the courts of appeals from all final decisions of the district courts. The underlying case originated in the United States District Court for the Southern District of Texas, McAllen Division, where a final judgment dismissing all claims was entered on August 26, 2024.

This appeal is timely under Federal Rule of Appellate Procedure 4(a)(1)(B), which requires that a notice of appeal in a civil case involving the United States or its officers be filed within 60 days after entry of judgment. The Appellant, Jose G. Rodriguez, filed a Notice of Appeal on September 25, 2024, within the allowable timeframe.

The jurisdiction of this Court is invoked to review whether the District Court erred in granting the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and denying Plaintiff's Motion for Leave to File an Amended Complaint, thereby terminating the case without allowing Plaintiff the opportunity to amend his pleadings.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing the plaintiffs' claims for failure to establish a prima facie case under Title VII of the Civil Rights Act of 1964, despite evidence demonstrating systemic racial and national origin discrimination in the classification and promotional opportunities for Motor Carrier Safety Specialist (Border Inspector) positions.

2. Whether the district court improperly dismissed the claims for failure to timely initiate EEO counseling, without adequately considering equitable tolling or the continuing violation doctrine, which are supported by the plaintiffs' allegations of an ongoing pattern of discriminatory practices.

3. Whether the district court abused its discretion in denying the plaintiffs' motion for leave to amend the complaint, where the proposed amendments would have clarified the factual and legal basis for their claims and addressed any perceived deficiencies.

4. Whether the district court improperly granted the defendant's motion to dismiss and denied summary judgment as moot, disregarding factual disputes and the plaintiffs' evidence of pretext in the classification and denial of promotion opportunities for predominantly Hispanic employees serving as Border Inspectors.

5. Whether the dismissal of the plaintiffs' claims undermines the equitable principles of Title VII and the right to seek redress for systemic discrimination against a protected class of employees.

6. Whether the plaintiff and prospective plaintiffs should be able to bring a claim for discrimination based on the lack of opportunities to promote, stemming from systemic policies and practices that bar advancement for Border Inspectors, a group primarily comprised of Hispanic individuals.

7. Whether the systemic discrimination for lack of promotion within this group constitutes a continuing harm that merits estoppel or equitable tolling under Title VII's framework.

8. Whether the district court erred in dismissing the case under Rule 12(b)(6) by addressing issues of timeliness and evidentiary sufficiency, which are typically reserved for summary judgment or trial, and by improperly applying the burden-shifting framework of McDonnell Douglas to a Rule 12(b)(6) motion-to-dismiss.

## STATEMENT OF THE CASE

This appeal arises from a claim of systemic racial and national origin discrimination under Title VII of the Civil Rights Act of 1964. Appellant Jose G. Rodriguez, along with prospective plaintiffs, allege that the Federal Motor Carrier Safety Administration (FMCSA), an agency within the U.S. Department of

Transportation (DOT), perpetuated discriminatory practices by denying them promotional opportunities available to similarly situated employees outside their protected class.[1]

The complaint focuses on the classification of the "Motor Carrier Safety Specialist (Border Inspector)" position at a GS-9 grade level, which Appellant asserts lacks any pathway for advancement, despite the addition of duties that align with higher-graded roles. These positions are predominantly held by Hispanic employees, who are uniquely tasked with regulating Mexico-domiciled carriers along the U.S.-Mexico border.[2]

Appellant, a Motor Carrier Safety Specialist (Border Inspector), was hired in 2002 at a GS-7 level and promoted to GS-9 in 2003. Since that time, no promotional pathway has been available to individuals in his position, despite significant increases in responsibilities, including enforcement duties that align with GS-11 roles. In contrast, other positions within the same series, such as Safety Auditors and Investigators, enjoy structured promotional pathways to GS-11 and GS-12 levels. These positions are primarily occupied by non-Hispanic employees.[3]

---

[1] Plaintiffs Original Complaint (ROA. 6)
[2] Plaintiffs Original Complaint (ROA. 7)
[3] Plaintiffs Response to Defendants Motion to Dismiss (ROA 72)

Appellant and similarly situated employees have repeatedly requested reclassification of the Border Inspector position to reflect their expanded duties.[4] Despite multiple job audits and analyses conducted by FMCSA, the agency has refused to reclassify or provide promotional opportunities for Border Inspectors, thereby maintaining a system that perpetuates racial and national origin-based inequities.

Procedural History

On December 26, 2023, Rodriguez filed his original complaint[5], alleging racial discrimination and claiming that FMCSA's failure to provide a promotional pathway for Border Inspectors violated Title VII. The complaint sought relief for systemic discrimination and disparate treatment in the agency's employment practices.

On April 15, 2024, the defendant moved to dismiss under Rule 12(b)(6), or alternatively, for summary judgment under Rule 56.[6] The defendant argued that Rodriguez failed to exhaust administrative remedies by not contacting an EEO counselor within 45 days, as required by 29 C.F.R. § 1614.105(a)(1), and failed to establish a prima facie case of discrimination.

---

[4] Plaintiffs First Amended Complaint (ROA 93)
[5] Plaintiffs Original Complaint (ROA 6)
[6] Defendants Motion to Dismiss and/or Alternatively for Summary Judgment

On July 11, 2024, Rodriguez opposed the motion to dismiss[7], asserting equitable tolling due to the ongoing nature of the harm. Simultaneously, he sought leave to amend the complaint to add plaintiffs with similar claims of systemic discrimination.[8]

On August 26, 2024, the district court granted the defendant's motion to dismiss, denied the motion for summary judgment as moot, and denied leave to amend. The court concluded that Rodriguez's claims were untimely, rejected equitable tolling, and found that the absence of a GS-11 Border Inspector position precluded a prima facie case of failure-to-promote discrimination. [9]

Rulings Presented for Review

The district court ruled that:  The plaintiff failed to exhaust administrative remedies by not timely contacting an EEO counselor; The absence of a GS-11 Border Inspector position precluded a prima facie case of failure-to-promote discrimination; Leave to amend the complaint would be futile and was therefore denied.

---

[7] Plaintiffs Response to Defendants Motion to Dismiss (ROA 70)
[8] Plaintiffs Motion for Leave to File Amended Pleadings (ROA 91)
[9] Order Granting Defendants Motion to Dismiss, Denying Defendants Alternate Motion for Summary Judgment as Moot, and Denying Plaintiffs Motion for Leave to Amend

# SUMMARY OF THE ARGUMENT

The district court erred in granting the motion to dismiss under Rule 12(b)(6) by improperly addressing timeliness and evidentiary sufficiency—issues that are better suited for summary judgment under Rule 56. Timeliness is an affirmative defense typically resolved on summary judgment based on the development of a factual record. By ruling on timeliness under Rule 12(b)(6) and simultaneously denying the defendant's summary judgment motion as moot, the court conflated the procedural standards and deprived the plaintiff of the opportunity to present a fully developed record in defense of his claims.

Even if timeliness could appropriately be addressed under Rule 12(b)(6), the plaintiff's allegations demonstrate that the discrimination at issue constitutes a continuing harm. The plaintiff only recently identified that the denial of promotion was based on race and national origin, providing grounds for equitable tolling. The continuing nature of the discrimination—manifested in the systematic refusal to create promotional opportunities for Motor Carrier Safety Specialists—further supports the timeliness of the claims.

The district court also erred by applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*[10], at the motion-to-dismiss stage. This framework is designed for summary judgment or trial, where evidentiary records are

---

[10] McDonnell Douglas Corp. v. Green , 411 U.S. 792 (1973)

7

fully developed, not for assessing whether pleadings alone state a plausible claim. The court's reliance on this framework imposed an inappropriate evidentiary burden on the plaintiff, contrary to the minimal pleading standard of Federal Rule of Civil Procedure 8(a)(2).

The core of the plaintiff's claim is not simply a failure to promote but a systemic refusal to create promotional opportunities for a group of employees, despite DOT's own audits recognizing the merit of such positions. This ongoing failure constitutes intentional and systematic discrimination against the group, which is predominantly comprised of employees of Hispanic origin. The plaintiff has sufficiently alleged that DOT's actions perpetuate a discriminatory environment, violating Title VII.

Finally, the court applied the same flawed analysis in denying the motion to amend the pleadings. The proposed amended complaint clarified the issues regarding comparable employee groups within DOT that had promotional opportunities. Under Rule 12(b)(6), which assesses the pleadings alone, the amended complaint easily satisfied the requirement of providing a "short and plain statement of the claim showing that the pleader is entitled to relief." The district court's decision to dismiss the case without allowing the amendment was therefore improper, especially given the liberal standard for amending pleadings under Federal Rule of Civil Procedure 15(a)(2).

# ARGUMENT

## I.  The District Court erred in Granting Dismissal based on Timeliness under Rule 12(b)(6) Motion to Dismiss by failing to recognize the need for factual determinations and equitable tolling.

### Standard of Review

The Fifth Circuit reviews a district court's dismissal for failure to state a claim under Rule 12(b)(6) de novo.[11] This standard applies to cases involving Title VII claims where the plaintiff's allegations are evaluated for plausibility. The appellate court examines the sufficiency of the complaint without deference to the district court's interpretation.

### A. Timeliness as an Affirmative Defense

The district court's dismissal of the case on timeliness grounds was improper because timeliness under 29 C.F.R. § 1614.105 is an affirmative defense, not an element of the plaintiff's claim. Dismissing the case at the motion to dismiss stage deprived the plaintiff of the opportunity to present evidence supporting equitable tolling or estoppel, as provided for in the statute.

---

[11] White v. U.S. Corr., L.L.C., 996 F.3d 302, 306 (5th Cir. 2021)

Timeliness requirements, such as the 45-day rule under 29 C.F.R. § 1614.105(a)(1), are procedural in nature and typically constitute an affirmative defense, not a jurisdictional prerequisite. The Supreme Court has held that limitations periods are subject to equitable tolling and should not bar claims without an opportunity to consider evidence. See, e.g.:

1. *Zipes v. Trans World Airlines*, Inc., 455 U.S. 385, 393 (1982): Filing deadlines under Title VII are "not jurisdictional" and "are subject to waiver, estoppel, and equitable tolling."

2. *Jones v. Bock*, 549 U.S. 199, 216 (2007): Affirmative defenses, such as timeliness, cannot justify dismissal under Rule 12(b)(6) unless the complaint conclusively establishes the defense.

In this case, the court improperly resolved factual issues related to timeliness at the pleading stage, when such matters are typically addressed on summary judgment after discovery.

## B. Factual Findings Required for Timeliness

The 45-day rule under 29 C.F.R. § 1614.105(a)(2) allows for equitable exceptions when:

1. The complainant was not notified of the time limit or was unaware of it.

10

2. The complainant could not reasonably have known about the discriminatory act.

3. The complainant was prevented from contacting an EEO counselor due to circumstances beyond their control.

These exceptions necessitate factual findings, such as the plaintiff's awareness of discrimination, diligence in pursuing their claim, and whether the alleged discrimination constitutes a "continuing violation." The plaintiff's complaint alleged a pattern of ongoing discrimination that culminated in a denial of promotion in 2022, a factual dispute that precludes dismissal at the pleading stage.[12]

## C. The Court Went Outside the Pleadings

By considering the timeliness defense without evidence or an opportunity for factual development, the court effectively treated the motion to dismiss as a motion for summary judgment, contrary to the Federal Rules. The court's analysis improperly relied on the defendants' assertions and evidence (e.g., audits and timelines) without affording the plaintiff the opportunity to conduct discovery or submit contrary evidence. This is particularly troubling where the statute itself provides for equitable tolling.

---

[12] Plaintiffs Original Complaint (ROA 8)

11

### D. Continuing Violation Doctrine

The plaintiff's allegations of systemic discrimination constitute a continuing violation, where each act of discrimination is part of an ongoing pattern. The denial of promotion in 2022—allegedly due to race and national origin—represents the most recent act of discrimination, and thus the complaint was timely filed. Dismissing the case without considering this argument conflicts with the Supreme Court's reasoning in:

a. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002): The continuing violation doctrine permits claims based on ongoing discriminatory practices, where at least one discriminatory act falls within the limitations period.

Here, the Plaintiffs' 2022 request and subsequent denial satisfy this requirement, rendering the claims timely. [13]

### E. Improper Use of Rule 12(b)(6)

The role of Rule 12(b)(6) is to assess the sufficiency of the pleadings, not to resolve factual disputes or weigh evidence. The plaintiff's amended complaint, taken as true, plausibly alleges ongoing discrimination and a denial of promotion based on race and national origin. At this stage, the court should have accepted these

---

[13] Plaintiffs First Amended Complaint (ROA 99)

allegations as true and allowed the case to proceed to discovery, where timeliness and equitable tolling could be properly addressed.

## F. FMCSA's Continued Communications Support Tolling

The FMCSA's ongoing assurances and representations regarding the potential for changes to the promotional structure and position upgrades should toll the 45-day timeframe for the plaintiff to bring a discrimination claim. These communications created a reasonable expectation that promotional opportunities or reclassifications could be forthcoming, which delayed the plaintiff's understanding of the discriminatory nature of FMCSA's inaction.

### 1. Reasonable Reliance on FMCSA Communications

The FMCSA repeatedly engaged in discussions and conducted reviews of the plaintiff's position and the potential for reclassification. Specifically, audits and reviews of the plaintiff's job duties indicated that the position could merit a GS-11 reclassification. These actions fostered a reasonable belief that the agency was addressing the issue and that a formal complaint was unnecessary at the time.[14] Two cases support our argument:

    a. *Holland v. Florida*, 560 U.S. 631, 649 (2010): Equitable tolling is appropriate where the plaintiff acts diligently and reasonably relies

---

[14] Plaintiffs First Amended Complaint (ROA 96)

on actions or statements by the defendant that mislead them regarding the necessity of filing a claim.

b. *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998): A plaintiff's reliance on an employer's reassurances can delay the accrual of a discrimination claim.

2. Ongoing Discriminatory Conduct by FMCSA

The FMCSA's failure to act on its audits and reviews, despite repeatedly indicating the possibility of reclassification, constitutes ongoing discriminatory conduct. This ongoing failure falls under the continuing violation doctrine, as the agency's systemic refusal to create promotional opportunities for the plaintiff's group remained unresolved. The Fifth Circuit has recognized this theory under:

a. *Berry v. Board of Sup'rs of L.S.U*, 715 F.2d 971: A continuing violation occurs where there is a systematic policy or practice of discrimination, with at least one act occurring within the filing period.

In 2022, the plaintiff once again sought promotion or reclassification and was denied. This denial, in the context of FMCSA's historical actions, constitutes a continuing discriminatory act that supports equitable tolling.

3. Reasonable Diligence by the Plaintiff

The plaintiff acted diligently by continuing to request promotion or reclassification, engaging with the FMCSA, and ultimately seeking EEO counseling within 45 days of the final denial in 2022. The FMCSA's conduct led the plaintiff to believe that relief could be obtained through internal processes, delaying the need to file a formal discrimination complaint.

    a. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984): Equitable tolling applies where the plaintiff has been "lulled into inaction by [the] past action of the defendant.

4. Impact of FMCSA's Actions on the 45-Day Timeline

The FMCSA's repeated reviews and reassurances acted to toll the 45-day timeline under 29 C.F.R. § 1614.105(a)(2). The plaintiff could not have reasonably known that these reassurances were pretextual or that the agency had no intention of addressing the systemic discrimination until the final denial in 2022.

The FMCSA's ongoing conduct and communication misled the plaintiff into believing that corrective action was forthcoming. This tolling ensures that systemic issues like the one at hand are addressed, even when an employer's reassurances delay a plaintiff's understanding of the discriminatory nature of the conduct.

## II.    The District Court Erred in Applying the Burden Shifting Framework to Dismiss a Claim under a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

### Standard of Review

The Fifth Circuit reviews de novo a district court's dismissal under Rule 12(b)(6). This standard applies to cases involving Title VII claims where the plaintiff's allegations are evaluated for plausibility. The appellate court examines the sufficiency of the complaint without deference to the district court's interpretation.[15]

### A. The McDonnell Douglas Framework Is Inappropriate for a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

The district court improperly applied the McDonnell Douglas burden-shifting framework to assess the sufficiency of Plaintiff's claims at the motion-to-dismiss stage. The McDonnell Douglas framework is a procedural mechanism designed for evaluating discrimination claims at summary judgment or trial, not for determining whether a complaint sufficiently states a claim under Rule 12(b)(6).

The Supreme Court has made clear that at the pleading stage, a plaintiff is not required to establish a prima facie case of discrimination under McDonnell Douglas. In *Swierkiewicz v. Sorema N.A.*[16], the Court held:

> "An employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas framework, but instead must

---

[15] Raj v. Louisiana State Univ., 714 F.3d 322, 329 (5th Cir. 2013)
[16] Swierkiewicz v. Sorema N.A, 534 U.S. 506 (2002)

contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2). The McDonnell Douglas framework—which requires the plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination—*is an evidentiary standard, not a pleading requirement*. See, e.g., 411 U.S., at 800, 93 S.Ct. 1817. The Court has never indicated that the requirements for establishing a prima facie case apply to pleading."

Instead, under Rule 12(b)(6), the court must evaluate whether the complaint states a claim for relief that is plausible on its face.[17] To meet this standard, a complaint need only include enough factual allegations to raise a reasonable expectation that discovery will uncover evidence supporting the claim.[18]

Here, the district court erred by evaluating the claims under an evidentiary framework rather than the pleading standard mandated by Rule 8(a). The court analyzed whether Plaintiff satisfied the elements of a prima facie case, specifically whether Plaintiff applied for and was rejected from an existing position. However, Plaintiff's claim is not based on a failure to promote to a non-existing position but rather on the systematic refusal to create promotion pathways for Border Inspectors, a predominantly Hispanic group. This fundamental mischaracterization of the claim

---

[17] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
[18] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)

led the court to improperly dismiss the case for failing to satisfy McDonnell Douglas elements that are not required at this stage.

The Fifth Circuit has consistently held that dismissal under Rule 12(b)(6) is inappropriate when a complaint plausibly alleges discriminatory practices.[19] As in *Cicalese*, Plaintiff's claims here should have been assessed under the plausibility standard, not under the heightened evidentiary burden of McDonnell Douglas. The district court's premature application of this evidentiary standard effectively denied Plaintiff the opportunity to develop his claims through discovery, further compounding the error.

By relying on McDonnell Douglas to dismiss the case, the district court conflated the procedural stages of litigation. This error undermines the principle that a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). The court's decision sets an improper precedent that would impose a heightened burden on plaintiffs at the pleading stage, contrary to Supreme Court and Fifth Circuit precedent.

## B. *Cicalese* Ultimate Elements of Disparate Treatment

The Fifth Circuit's opinion in Cicalese v. Univ. of Tex. Med. Branch at Galveston offers critical insights into the appropriate application of pleading

---

[19] Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 766 (5th Cir. 2019)

standards in employment discrimination cases under Title VII. It underscores the following key points:

1. Burden-Shifting Analysis Misapplied at Pleading Stage:

The district court erred in applying a heightened pleading standard akin to the McDonnell Douglas burden-shifting framework during a Rule 12(b)(6) motion to dismiss. The Fifth Circuit reiterated that McDonnell Douglas is an evidentiary standard used at summary judgment or trial, not a requirement for pleading under Rule 12(b)(6).

At the motion-to-dismiss stage, a plaintiff need only allege sufficient factual matter to state a plausible claim for relief. This lower bar requires plausibly alleging ultimate elements of a Title VII disparate treatment claim, not proving every element of a prima facie case.

2. Ultimate Elements of Disparate Treatment:

A plaintiff must plausibly allege (1) an adverse employment action, and (2) that the action was taken because of their protected status (e.g., national origin).

The Fifth Circuit clarified that it can be "helpful" to reference McDonnell Douglas in analyzing plausibility but not to impose its evidentiary standards at this stage.

3. Improper Fact-Intensive Analysis:

The district court erred by scrutinizing whether the plaintiffs sufficiently alleged that similarly situated employees were treated differently and whether derogatory remarks were mere "stray remarks." These are fact-intensive inquiries better suited for summary judgment, as they require consideration of evidence, not allegations alone.

4.  Application to Rule 12(b)(6):

The opinion reaffirms the standard articulated in *Swierkiewicz v. Sorema N.A.*, where the Supreme Court held that a prima facie case of discrimination is not a pleading requirement under Rule 12(b)(6).

The court emphasized that requiring "rigorous factual or evidentiary analysis" at the motion-to-dismiss stage improperly heightens the pleading standard beyond what is required under Rule 8(a).

5.  Continuing Viability of Disparate Treatment Claim:

The Fifth Circuit found that the plaintiffs' allegations, taken as true, plausibly suggested that the adverse employment actions they suffered were motivated by anti-Italian bias. This sufficed to "nudge" their claims "across the line from conceivable to plausible" under Twombly/Iqbal.

The district court's approach in our case mirrors the errors identified in Cicalese. As in Cicalese, the proper standard requires plausibly alleging ultimate

elements of the claim. Our amended complaint meets this threshold by alleging ongoing systemic discrimination in the refusal to create promotion pathways for a predominantly Hispanic group. The district court's decision should be reversed, and the case remanded for proper consideration under Rule 12(b)(6).

## C. Plaintiff Adequately Pleaded Discrimination Under Title VII

Plaintiff's allegations regarding FMCSA's failure to create a promotion pathway for Border Inspectors, a predominantly Hispanic group, adequately plead a systemic discriminatory practice. These allegations satisfy the ultimate elements of a Title VII disparate treatment claim, as required under *Cicalese*.

### 1. Plaintiff Sufficiently Alleges an Adverse Employment Action

An "adverse employment action" is one that affects the terms, conditions, or privileges of employment.[20] . Here, Plaintiff alleges that FMCSA's refusal to create a GS-11 position for Border Inspectors, despite evidence that their duties align with such a classification, denies Plaintiff and similarly situated employees the opportunity for career advancement. This denial of advancement impacts pay, professional standing, and career growth, constituting a tangible employment action under Title VII.

---

[20] Raj v. Louisiana State Univ., 714 F.3d 322, 331 (5th Cir. 2013)

Specifically, Plaintiff identifies:

a. Audit Findings Supporting Reclassification: FMCSA's own internal audits recognized that Border Inspectors perform duties commensurate with GS-11 positions, yet no action was taken to implement the recommended reclassification.

b. Assignment of Higher-Grade Duties Without Promotion: Plaintiff was required to perform tasks akin to those of Safety Auditors and Investigators, roles that provide a clear pathway to GS-11 and higher grades. Despite fulfilling these responsibilities, Plaintiff was excluded from promotional opportunities offered in comparable roles.

FMCSA's inaction effectively barred Plaintiff and his predominantly Hispanic cohorts from advancement, directly impacting the terms and conditions of their employment.

## 2. Plaintiff Adequately Alleges Discriminatory Motive

Under Cicalese, a plaintiff must plausibly allege that the adverse employment action occurred "because of" their protected status. Plaintiff meets this burden by alleging that FMCSA's refusal to create a GS-11 position for Border Inspectors disproportionately impacts Hispanic employees and is inconsistent with its treatment of other, predominantly non-Hispanic, employee groups.

22

The amended complaint alleges:

a.  Disparate Impact on Hispanic Employees: Border Inspectors, who are predominantly Hispanic, are uniquely excluded from promotional opportunities available to other FMCSA employees in comparable roles, such as Safety Auditors and Investigators.

b.  Comparators with Advancement Opportunities: Non-Hispanic employees in roles similar to or less demanding than Border Inspectors have access to pathways for promotion, including GS-11 classifications and beyond. This disparity underscores FMCSA's discriminatory practice of denying advancement to Plaintiff and his cohort.

c.  Historical Refusal to Address Inequities: FMCSA repeatedly ignored audit recommendations and employee requests for reclassification, maintaining a systemic exclusion of Border Inspectors from career advancement. This longstanding refusal perpetuates inequities tied to race and national origin.

3.  Plaintiff Meets the Ultimate Elements Test

Applying the ultimate elements test established in Cicalese, Plaintiff adequately alleges:

a.  An Adverse Employment Action: The lack of promotion pathways for Border Inspectors, coupled with the assignment of higher-grade duties

without reclassification or increased pay, constitutes an adverse employment action under Title VII.

b. Discriminatory Motive: FMCSA's actions and inactions disproportionately affect a predominantly Hispanic group while comparators outside this group enjoy promotional pathways. This systemic disparity plausibly alleges that Plaintiff was denied advancement opportunities because of his race and national origin.

By pleading these ultimate elements, Plaintiff's claims rise above mere speculation and state a plausible claim for relief under Title VII. The district court erred in dismissing Plaintiff's claims for failing to meet an evidentiary burden inappropriate for a Rule 12(b)(6) motion. At this stage, Plaintiff need only allege facts sufficient to plausibly suggest that FMCSA's actions were motivated by discriminatory intent. Plaintiff has done so here.

For these reasons, Plaintiff respectfully requests that this Court reverse the district court's dismissal and remand for further proceedings.

## D. The Burden-Shifting Framework Mischaracterized the Nature of Plaintiff's Claim

The district court's application of the burden-shifting framework under McDonnell Douglas mischaracterized Plaintiff's claim and improperly relied on

*Perez v. Region 20 Educ. Serv. Ctr.*,[21] to dismiss the case. Unlike the procedural posture in *Perez*, where the court addressed the claim at the summary judgment stage, this case was dismissed at the pleading stage under Rule 12(b)(6). The district court's dismissal failed to recognize that Plaintiff's allegations adequately plead systemic discrimination and that the absence of the GS-11 Border Inspector position itself constitutes the discriminatory act.

### 1. Key Distinction: Systemic Discrimination Versus Individual Non-Selection

In *Perez*, the plaintiff sought promotion or reclassification to a Database Administrator position that did cnot exist within his department. The Fifth Circuit affirmed summary judgment for the employer, finding the nonexistence of the position to be a legitimate, non-discriminatory reason for denial. However, *Perez* did not involve allegations that the absence of the position was itself discriminatory. Instead, the plaintiff in *Perez* alleged individual harm based on the employer's refusal to create or reclassify the position for him personally.

Here, Plaintiff challenges FMCSA's systemic refusal to create a GS-11 promotion pathway for Border Inspectors, a predominantly Hispanic group, despite audits showing their job responsibilities align with higher-grade positions. Unlike the individualized grievance in *Perez*, Plaintiff's claim focuses on FMCSA's

---

[21] Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318 (5th Cir. 2002)

structural inequities, alleging that its promotion policies disproportionately exclude Hispanic employees from advancement opportunities. Plaintiff's claim is not about non-selection for a specific position but about FMCSA's ongoing failure to address systemic discrimination inherent in its classification policies.

### 2. Improper Reliance on *Perez* at the Pleading Stage

The procedural posture of *Perez* further highlights the district court's error. *Perez* was decided on summary judgment, a stage that allows courts to evaluate evidence and make factual determinations about legitimate, non-discriminatory reasons for employment actions. By contrast, this case was dismissed at the Rule 12(b)(6) stage, where courts are confined to assessing whether the complaint plausibly alleges claims for relief. The district court's reliance on *Perez* to dismiss Plaintiff's claim prematurely applied a burden-shifting analysis that belongs at the summary judgment stage, not at the pleading stage.

### 3. Plaintiff's Allegations Meet the Plausibility Standard

Plaintiff's amended complaint adequately pleads the ultimate elements of a Title VII discrimination claim:

a. Adverse Employment Action: The lack of a GS-11 promotion pathway for Border Inspectors, despite FMCSA's audits recognizing the need for such

a position, constitutes an adverse employment action that disproportionately impacts Hispanic employees.

b. Discriminatory Motive: Plaintiff alleges FMCSA provides promotion pathways for other roles, such as Safety Auditors and Investigators, which are predominantly held by non-Hispanic employees, while denying similar opportunities to Border Inspectors. These allegations plausibly suggest that FMCSA's refusal to create the GS-11 position is motivated by discriminatory intent.

By alleging systemic inequities, Plaintiff's claim satisfies the "ultimate elements" test outlined in *Cicalese*. The district court erred by applying the burden-shifting framework and dismissing the claim without considering whether Plaintiff's allegations plausibly support a Title VII violation.

The district court's reliance on *Perez* to dismiss Plaintiff's claim at the pleading stage was misplaced. Unlike in *Perez*, Plaintiff alleges that the absence of a GS-11 position for Border Inspectors is itself the discriminatory act. Furthermore, *Perez* was resolved on summary judgment, not at the pleading stage under Rule 12(b)(6). Plaintiff's allegations of systemic discrimination, supported by FMCSA's own audits and evidence of disparate impact, meet the plausibility standard and warrant further proceedings. Plaintiff respectfully requests that this Court reverse the district court's dismissal and remand for further consideration.

27

## III.  The District Court Abused its Discretion in Denying Plaintiffs Motion for Leave to Amend Complaint

### Standard of Review

The Fifth Circuit reviews a district court's denial of leave to amend a complaint under Federal Rule of Civil Procedure 15(a) for abuse of discretion.[22] However, when the denial of leave to amend is based on the futility of the proposed amendment, the underlying legal determination is reviewed de novo.[23]

### A. Rule 15(a)'s Liberal Standard for Amendments

The district court's denial of Plaintiff's motion for leave to amend, based on a finding of futility, reflects a premature and incorrect application of the Rule 12(b)(6) standard. Plaintiff's proposed First Amended Complaint addressed the purported deficiencies identified in the Defendant's motion to dismiss and provided additional allegations to clarify and strengthen the claims. Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted freely when justice so requires, and the court's denial unduly prejudiced Plaintiff's ability to pursue valid claims.

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires."  This standard reflects a policy favoring resolution of claims on

---

[22] Foman v. Davis, 371 U.S. 178, 182 (1962)
[23] City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010)

the merits rather than on procedural technicalities. Denial of leave to amend is generally justified only for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility.[24] The Fifth Circuit has emphasized that futility is not a proper ground for denial unless the proposed amendment would clearly fail to state a claim under Rule 12(b)(6).[25]  Here, the district court denied leave to amend, reasoning that Plaintiff's proposed amendments would not survive a motion to dismiss due to perceived deficiencies in timeliness, exhaustion of administrative remedies, and failure to establish Title VII violations. This reasoning was flawed and contrary to Rule 15(a)'s liberal standard.

## B.  The Proposed Amendments Were Not Futile

Plaintiff's proposed First Amended Complaint contained substantial new allegations to address the issues raised in the motion to dismiss:

1. Timeliness and Continuing Violation Doctrine: The amended complaint clarified that the discrimination alleged was systemic and ongoing, with FMCSA's refusal to create promotion pathways for Border Inspectors constituting a continuing violation. Plaintiff also provided details of his 2022

---

[24] Foman v. Davis, 371 U.S. 178, 182 (1962)
[25] Jebaco Inc. v. Harrah's Operating Co., 587 F.3d 314, 322 (5th Cir. 2009)

request for promotion and subsequent timely contact with an EEO counselor, which occurred within the 45-day requirement.[26]

2. Ultimate Elements of Discrimination: The amended complaint outlined additional facts demonstrating that FMCSA's refusal to create a GS-11 Border Inspector position disproportionately affected Hispanic employees while other, predominantly non-Hispanic roles (e.g., Safety Auditors and Investigators) had clear pathways for promotion. These allegations adequately pleaded adverse employment actions taken because of race and national origin.[27]

3. Additional Plaintiffs and Comparators: Plaintiff sought to add other Border Inspectors who faced similar discrimination, strengthening the systemic nature of the claims. The amended complaint also identified non-Hispanic comparators who benefitted from promotional opportunities unavailable to Border Inspectors, contrary to the court's conclusion that comparators were inadequately alleged.

## C. The District Court's Analysis Improperly Overstepped Rule 12(b)(6)

---

[26] Plaintiffs Response to Defendants Motion to Dismiss Exhibits 1-73 (ROA 70); exhibits were not filed but tendered to Court and Opposing Counsel.
[27] Plaintiffs First Amended Complaint (ROA 93)

The district court's denial of leave to amend relied on an improper evaluation of the merits of the proposed amendments, effectively applying a Rule 56 standard of review rather than assessing the pleadings under Rule 12(b)(6). For example:

1. Timeliness as an Affirmative Defense: The court improperly resolved questions of timeliness against Plaintiff without considering that the continuing violation doctrine, equitable tolling, and factual disputes regarding FMCSA's conduct required development of the record.

2. Failure to Apply the Ultimate Elements Test: The district court relied on the *McDonnell Douglas* burden-shifting framework rather than the proper "ultimate elements" test for pleading discrimination claims. Under *Cicalese*, Plaintiff needed only to allege (1) an adverse employment action, and (2) that the action was taken because of his protected status. The amended complaint met these elements.

3. Mischaracterization of Plaintiff's Claim: The court's comparison to *Perez*, misconstrued the nature of Plaintiff's allegations. Unlike in *Perez*, Plaintiff's claim centers on systemic discrimination due to FMCSA's refusal to create promotion pathways for a predominantly Hispanic workforce, not on individual non-selection for a position.

## D. Leave to Amend Would Not Prejudice Defendant

Allowing the amendments would not have prejudiced Defendant. The proposed changes merely clarified and expanded the claims without altering the underlying legal theory. Any issues concerning administrative exhaustion or comparator evidence could be addressed in discovery and resolved at a later stage.

The district court's denial of leave to amend under Rule 15(a) was an abuse of discretion. The proposed amendments adequately addressed the purported deficiencies identified in Defendant's motion to dismiss, and justice required allowing Plaintiff to proceed on a clarified and strengthened complaint. Plaintiff respectfully requests that this Court reverse the denial of leave to amend and remand for further proceedings.

## CONCLUSION

In summary, the district court erred in dismissing Plaintiff's claims and denying leave to amend the complaint. First, the court improperly resolved the issue of timeliness under Rule 12(b)(6) by delving into matters requiring factual determinations, which are more appropriately addressed at the summary judgment stage. Moreover, Plaintiff sufficiently alleged that the continuing discriminatory actions, including FMCSA's systemic refusal to create a promotion pathway for Border Inspectors, toll the limitations period and justify equitable tolling.

Second, the district court misapplied the burden-shifting framework under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), at the pleading stage. The proper standard for evaluating a motion to dismiss under Rule 12(b)(6) is set forth in *Ashcroft* and *Cicalese*. Plaintiff adequately pleaded the ultimate elements of a disparate treatment claim under Title VII by alleging that FMCSA's refusal to create promotional opportunities for Border Inspectors disproportionately impacts Hispanic employees and constitutes intentional discrimination.

Third, the district court abused its discretion in denying Plaintiff's motion for leave to amend the complaint. The proposed amended complaint addressed the court's concerns and clarified the allegations, including identifying comparators and demonstrating systemic discrimination. The liberal standard of Rule 15(a)(2) requires granting leave to amend absent undue delay, bad faith, prejudice, or futility—none of which were present here. By conflating the pleading standard with the heightened evidentiary standard for summary judgment, the court improperly denied Plaintiff the opportunity to pursue his claims on the merits.

For these reasons, Plaintiff respectfully requests that this Court reverse the district court's dismissal, vacate the denial of leave to amend, and remand for further proceedings consistent with the liberal pleading standards and policies underlying Title VII and Rule 15(a).

Dated: November 26, 2024

SUBMITTED BY:

Elijah "Big Dan" Vargas

THE VARGAS LAW OFFICE
324 W. University Dr.
Edinburg, Texas 78539
Ph: (956) 287-3743
efile@thevargaslawoffice.com

By: /s/ *Daniel E. Vargas*
Elijah "Big Dan" Vargas
bigdan@thevargaslawoffice.com
SBN: 24072403

Attorney of Record for Jose Rodriguez

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2024, I electronically filed the foregoing Brief for Appellant with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will send a notice of electronic filing to the following registered CM/ECF participants:

David Louis Guerra
Office of the U.S. Attorney
1701 W Hwy 83, Suite 600
McAllen, Texas 78501
Email: david.guerra@usdoj.gov

Benjamin Storey Lyles
DOJ-USAO
U.S. Department of Justice
1701 US-83
McAllen, Texas 78501
Email: benjamin.lyles@usdoj.gov

By:/s/*Daniel Elijah Vargas*
Attorney of Record for Jose Rodriguez

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, including the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 6,557 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14.


By: /s/Daniel Elijah Vargas

Attorney of Record for Jose Rodriguez